UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   No. 03-10104-06-JDT |
| | ) |
| GEORGE D. MELTON, | ) |
| | ) |
| Defendant. | ) |

ORDER TO UNSEAL DEFENDANT'S MOTION
AND DIRECTING THE UNITED STATES TO RESPOND

The Defendant, George D. Melton, has filed a motion for compassionate release under the First Step Act. (ECF No. 533.) Defendant labeled his motion "ex parte," and it was docketed by the Clerk under seal. Defendant has not, however, offered any reason why his motion should be filed ex parte, and the Court could not appropriately grant such a motion without a response from the United States. Defendant also has not attached any personal information to his motion, such as medical records, that requires the information to be sealed.[1] The Clerk is therefore directed to unseal Defendant Melton's motion for compassionate release.

One of the grounds Defendant raises in his motion for compassionate release is that he has already served his entire sentence. The basis of his argument is the assertion that count five of the

---

[1] Defendant Melton refers in his motion to two exhibits that he did not actually include in his mailing: his letter requesting the Warden of his facility to file a motion for compassionate release and an exhibit to that letter, and a declaration from attorney Mark L.L. Welker. (*See* ECF No. 533 at PageID 823-24.) If he wants those documents considered by the Court, he must submit them.

indictment, a violation of 18 U.S.C. § 924(c), was dismissed on motion of the United States, yet the Court imposed a consecutive 60-month sentence on that count.  Melton contends he has served his 300-month sentence on count one, so since the 60-month consecutive sentence is invalid, he should be released.

Defendant is correct that the judgment in his case indicates "Count(s) 4, 5, 6, 12, 13 and 18 dismissed on the motion of the United States." (*See* ECF No. 389 at PageID 355.)  However, it is clear from the record as a whole that the inclusion of count five in the dismissed counts is merely a mechanical, or clerical error.  First, Melton entered a guilty plea to counts one and five of the indictment on October 8, 2004.  (Order on Change of Plea, ECF No. 323.)  Second, the transcript of the sentencing hearing unequivocally shows he was sentenced on the charge in count five.  (Sent. Tr., Jan. 31, 2005, ECF No. 402 at PageID 797, 806, 808-10)  Moreover, at the conclusion of the sentencing hearing, the United States did not specifically move to dismiss "count five," it only moved to dismiss "the remaining counts."  (*Id.* at PageID 811-12.)  The Court likewise stated only, "the remaining counts are dismissed as to Mr. Melton on motion of the government."  (*Id.* at PageID 812.)  Third, the remainder of the judgment itself states the Court adjudicated Melton guilty of the § 924(c) firearms offense charged in count five and sets out the sentence imposed for that offense.  (ECF No. 389 at PageID 355, 357-58.)

Federal Rule of Criminal Procedure 36 allows the Court, "[a]fter giving any notice it considers appropriate" to "at any time correct a clerical error in a judgment . . . ."  "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." *United States v. Canela*, No. 3:02-cr-00072, 2019 WL 2543503, at *3 (M.D. Tenn. June 20, 2019) (quoting *United States v. Bennett*, 423 F.3d 271, 278 (3d Cir. 2005)).

2

The Court therefore proposes to correct the clerical error in the prior judgment to conform the written judgment to the sentence actually imposed by the Court at the sentencing hearing.

The United States is directed to file a response to Defendant Melton's motion for compassionate release, addressing any medical issues that might impact Defendant's request for a sentence reduction and whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a). The United States shall submit with its response any of the Defendant's BOP medical records bearing on these issues; any such records shall be filed under seal. The United States should also state its position on the Court's stated intent to correct the judgment.

The response of the United States is due within 21 days after the entry of this order. Defendant Melton will then have 21 days to reply both to the United States' response and to the proposed correction of the judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE